# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6010 | **DATE** | 9/9/2010 |
| **CASE TITLE** | Jackson vs. N'Genuity Enterprises | | |

**DOCKET ENTRY TEXT**

Hearing and ruling held on 9/9/2010. Plaintiff's motion for receiver is denied without prejudice.

■[ For further details see text below.]     Notices mailed by Judicial staff.

00:03

## STATEMENT

    "Appointment of a receiver is an extraordinary remedy and the court should exercise its discretion to appoint one with 'care and caution.'" *JP Morgan Chase Bank, N.A.* v. *Heritage Nursing Care, Inc.*, No. 06 C 4803, 2007 WL 2608827, at *8 (N.D. Ill. Sept. 6, 2007) (quoting *Connolly* v. *Gishwiller*, 162 F.2d 428, 435 (7th Cir.1947)); *see also Aviation Supply Corp.* v. *R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993) ("A receiver is an extraordinary equitable remedy that is only justified in extreme situations."). "It is the burden of the party seeking the appointment of a receiver to establish that the appointment is warranted." *JP Morgan Chase Bank, N.A.*, 2007 WL 2608827 at *8. Courts generally consider the following factors in deciding whether the appointment of a receiver is justified: "1. fraudulent conduct on the part of defendant; 2. the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; 3. the inadequacy of the available legal remedies; 4. the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and 5. plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property." *JP Morgan Chase Bank, N.A.*, 2007 WL 2608827 at *9 (citing 12 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice & Procedure* § 2983 at 24-29 (2d ed. 1997)). In addition, in order to justify the appointment of a receiver, "the party seeking it must show that he or she has some legally recognized right in that property that amounts to more than a mere claim against defendant." *Federal Practice & Procedure* § 2983.

    Plaintiff, a minority shareholder in defendant N'Genuity Enterprises, Inc. ("N'Genuity"), has brought claims against N'Genuity seeking an accounting and "all monies due to him as part owner in N'Genuity." (Mot. to Appoint Receiver at 12) Plaintiff requests the appointment of a limited receiver over N'Genuity "to

## STATEMENT

preserve N'Genuity's corporate assets and oversee its financial management." (Mot. at 1). In support of this request, plaintiff has submitted bank statements showing that N'Genuity's corporate funds were used to pay numerous non-corporate personal expenses in 2006, 2007, and 2009. The bank statements also show that, in 2006 and 2007, N'Genuity paid over $300,000 to Impact Marketing Group, L.L.C., whose three members comprise defendant Dustin Bowen and his brothers Chad and Brandon Bowen (Mot. at 4-5, Exs. B and C), as well as $79,000 to Global Financial Investments, L.L.C., whose sole member is Dustin Bowen. (Mot. at 11, Exs. B and E). Defendants respond that the personal expenditures made by N'Genuity were proper because the expenses were properly reconciled, i.e. the expenses were charged back to the respective stockholders and officers at the end of the year as compensation or as loans due to be repaid. (Response at 5) In support of these assertions, defendants submit the declaration of Wayne H. Clouser, N'Genuity's certified public accountant. (Response, Ex. A) Mr. Clouser also asserts that N'Genuity's payments to Impact Marketing Group and Global Financial were made pursuant to "valid agreements." (Response, Ex. A ¶ 9).

Although the company transactions cited in plaintiff's motions provide compelling support for its underlying request for an accounting and its most recent motion to compel discovery before Judge Cole, the proffered evidence of financial mismanagement – if indeed the personal expenditures can be characterized as such – does not justify the "extraordinary" remedy of imposing a receivership. Plaintiff's motion does not establish that N'Genuity's assets have been depleted to such an extent that there is "imminent" danger that the company will not be able to satisfy amounts that may be due to plaintiff. Plaintiff has submitted no information regarding the current financial health of the company; the most recent statement cited by plaintiff is over nine months old, dated December 18, 2009. (Mot. at 4). Moreover, as plaintiff states in his motion requesting a receiver, "[t]he heart of Plaintiff's claims against Defendants lies in their refusal to provide him with access to all corporate books and records." (Mot. at 12). The court notes that defendants have not submitted any contemporaneous documentation to support their assertion that the personal expenditures and other payments made by N'Genuity were properly accounted for. Whether these documents have been made available to plaintiff is, however, a matter of dispute between the parties that is more properly resolved through the discovery process than by taking the extraordinary step of appointing a receiver.

Given the availability of other legal remedies, in particular an accounting and/or an order to compel the production of additional documents from defendants, a receivership is not warranted at this stage in the proceedings. Plaintiff's motion is denied without prejudice.