IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENT E. JACKSON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LITTLECHIEF SPECIALTIES, INC. an Arizona ) | 09 cv 06010 |
| corporations. ) | Magistrate Judge |
| ) | Jeffery Cole |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PROVE UP
OF DAMAGES AGAINST LITTLECHIEF SPECIALTIES**

Plaintiff Vincent E. Jackson, ("Jackson") through his attorneys Biederman & Novi, LLC and pursuant to Rule 55 of the Federal Rules of Civil Procedure, asks this Court to enter final judgment on Jackson's RICO and civil conspiracy claims against Defendant Littlechief Specialties and award damages of $17,954,646 plus attorney's fees and costs. In support of this request, Jackson states as follows:

**I.      INTRODUCTION**

Littlechief Specialties, a named defendant in *Jackson v. N'Genuity, et al,* actively participated in these proceedings until November 29, 2011 when, despite having been fully warned by Judge Lefkow that the failure to appear would result in a default, Littlechief Specialties threw in the towel and chose not to appear. By virtue of the default, Littlechief Specialties admits that Jackson is a 49% shareholder in N'Genuity and that Littlechief Specialties, along with its RICO codefendants (Littlechief, Dustin Bowen, Alfred Bowen, IMG, GFI and N'Genuity-Littlechief Enterprises), orchestrated a scheme to defraud Jackson of his interest in N'Genuity by systematically plundering N'Genuity through a pattern of racketeering.

Jackson's damages expert, Michael Pakter, CPA and CFE, conducted a forensic analysis of the financial data recovered and has concluded that Littlechief Specialties and its RICO codefendants pilfered at least $12,214,045 from N'Genuity of which Jackson is entitled to 49% ($5,984,882). Pursuant to the treble damages provision of the RICO statute, Jackson seeks an award of $17,954,646 plus attorney's fees and costs against Littlechief Specialties and in his favor. Although liability is joint and several, Jackson seeks only the entry of final judgment against Littlechief Specialties at this time in light of the automatic stay provisions in effect against the remaining defaulting defendants, each of whom have filed for bankruptcy.[1]

## II. PROCEDURAL HISTORY

### The Pleadings

1. On September 22, 2009, Jackson filed a Complaint against Defendants N'Genuity, Valerie Littlechief, Alfred Bowen and Dustin Bowen in DuPage County Court. Defendants removed the matter to federal court. [1].[2]

2. On May 20, 2011, Jackson filed his First Amended Complaint ("Complaint") and added Littlechief Specialties, Impact Marketing Group ("IMG"), Global Financial ("GFI") and N'Genuity-Littlechief Enterprises as defendants (collectively "Related Corporate Defendants"). Ex.A. The Complaint included the following counts against Littlechief Specialties:

---

[1] Each of Littlechief's RICO codefendants (as well as N'Genuity) has filed for bankruptcy. As each of those cases remain pending in the Arizona Federal District Bankruptcy Court, the automatic stay provisions of the bankruptcy code permit Jackson to seek entry of a default judgment against Littlechief Specialties only. Jackson has, however, asked the Arizona Federal District Bankruptcy Court to lift the stay as to Valerie Littlechief, Dustin Bowen, GFI, and IMG to permit liquidation of damages in this Court (and, as previously noted before this Court, is also participating in the bankruptcy claims resolution process against N'Genuity).

[2] All documents previously filed referenced herein are either attached as an exhibit or identified by the court docket number. All previously filed documents referenced by docket number shall be included in the Jackson's courtesy copy of this motion to the Court and tabbed by docket number.

2

| | |
|---|---|
| Count IX | Demand for an Accounting |
| Count XI | Civil Conspiracy |
| Count XII | Injunctive Relief |
| Count XIII | Civil RICO |
| Count XIV | Civil RICO Conspiracy |

Jackson seeks only his legal remedies pursuant to Counts XI, XIII and XIV.

3. On July 13, 2011, N'Genuity, Littlechief, Alfred Bowen and Dustin Bowen filed an Answer to Jackson's First Amended Complaint. [283].

4. On July 15, 2011, Attorney Jere Glover filed an Appearance for the Littlechief Specialties and the other Related Corporate Defendants. [285].

5. On July 15, 2011, Littlechief Specialties and the other Related Corporate Defendants filed an Answer to Jackson's First Amended Complaint. [284].

6. On July 18, 2011, N'Genuity, Littlechief, Alfred Bowen and Dustin Bowen filed a Motion for Judgment on the Pleadings. [286]. During the pendency of this Motion, N'Genuity filed for bankruptcy thus triggering the automatic stay in proceedings against it. On January 12, 2012, Judge Lefkow denied this motion as to all defendants except N'Genuity because of the automatic stay. [411].

7. On September 14, 2011, Joseph Siprut filed an Appearance on behalf of Littlechief Specialties and the other Related Corporate Defendants thereby joining Glover as counsel for Littlechief Specialties. [328].

**The TRO and Preliminary Injunction**

8. To thwart the type of plundering alleged in Jackson's complaint, Judge Lefkow granted Jackson's request for a Temporary Restraining Order on March 4, 2011. [198]. The Order restrained N'Genuity, Littlechief, Dustin Bowen and Alfred Bowen from divesting or diluting Jackson's ownership interest, paying any business entity in

which and the defendants or relatives have an ownership interest, and paying the personal expenses of any defendant.

9. The TRO was extended by agreement of the parties pending the resolution of Jackson's request for preliminary injunction. *Jackson v. N'Genuity et al,* 2011 U.S.Dist. LEXIS 106512 (N.D.ILL. Sept.19, 2011) attached as Ex. B.

10. On September 30, 2011, this Court ruled on Jackson's motions for preliminary injunction and the appointment of a temporary receiver [370] and issued a written memorandum opinion and order granting Jackson's motions on October 3, 2011. *Jackson v. N'Genuity et al,* 2011 U.S.Dist. LEXIS 113511 (N.D.ILL. October 3, 2011) attached as Ex. C.[3]

11. On October 11, 2011, the day before the parties were scheduled to appear before this Court to name the Receiver, N'Genuity filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court, District of Arizona (*In re N'Genuity*, 2:11 bk 28705) thereby triggering an automatic stay with respect to Jackson's claims against N'Genuity. The stay did not apply to his claims against the remaining non-debtor Defendants

12. On October 16, 2011, Siprut filed a motion to withdraw as counsel for Littlechief Specialties which Judge Lefkow granted on October 18, 2011. [379]. and [385]. Glover remained as sole counsel until the Court granted him leave to withdraw on October 27, 2012. [395]. Mark Radtke then appeared as counsel for Littlechief Specialties (and the remaining defendants) on January 30, 2012. [415].

**The Bankruptcy Filings and Entry of Default Judgment on Liability**

---

[3] Lexis has mistakenly reported the date of the decision as September 19, 2011. On September 30, 2011 the Court announced its ruling in open court in the presence of the parties and filed its written opinion on October 3, 2011.

13. N'Genuity's bankruptcy filing triggered an automatic stay with respect to Mr. Jackson's claims against N'Genuity, but not his direct claims against Littlechief-Specialties and the remaining defendants.

14. On October 27, 2011, the District Court ordered Valerie Littlechief, Alfred Bowen and Dustin Thomas Bowen to appear on November 10, 2011, by counsel or in person and for defendants IMG, GFI, Littlechief Specialties and N'Genuity-Littlechief Enterprises to appear that same date by counsel. [395]. The Court warned: "Failure of these defendants to appear will result in default being entered." *Id*. On November 7, 2011, Judge Lefkow rescheduled the November 10th hearing to November 29, 2011 and again warned defendants to appear or be held in default. [396].

15. On November 29, 2011, only Defendant Alfred Bowen appeared. Judge Lefkow entered judgment by default on liability against all Defendants other than Alfred Bowen (and N'Genuity in light of the automatic stay) for their failure to appear. [404]. Judge Lefkow also expanded the referral to this Court to conduct hearings and enter a Report and Recommendation on Jackson's prove-up of damages. [404].

16. On November 29, 2011, this Court ordered Plaintiff to produce any filings in support of damages no later than February 1, 2012. [405].

17. On January 30, 2012, Mark Radtke formally filed an Appearance for Littlechief Specialties even though he had previously appeared on behalf of the all of the RICO defendants before Judge Lefkow. [415] and [424].

18. Jackson complied with this Court's order and on February 1, 2012, Jackson filed his Motion for Entry of Default Judgment and Prove Up of Damages with a supporting memorandum of law [419].

19. Jackson attached the report of Michael Pakter in support of his Motion for Entry of Default Judgment and Prove Up of Damages. (That same report is attached here as Ex.D as Jackson's proof of damages.) Therein, Pakter detailed the methodology and procedures employed, and identified with specificity the documents and presumptions upon which he relied in formulating his opinions. Among other information, Pakter considered, bank statements, cancelled checks, spread sheets, general ledgers and N'Genuity QuickBooks data. Ex. D p.4-12. Pakter identified all payments made by N'Genuity, both directly and indirectly, to Littlechief, Dustin Bowen, Alfred Bowen, IMG, GFI, LittleChief Specialties and Littlechief Enterprises. Pakter also considered any payments made by these entities to N'Genuity. In this way, Pakter determined the amount of net improper payments made by N'Genuity. Ex. D, p.14.

20. Pakter found net improper payments made by N'Genuity to the following for the following years:

> $3,222,529 to Littlechief and/or on her behalf from 2003 to 2011;
> $498,494 to Dustin Bowen and/or on his behalf from 2003 to 2011;
> $1,490,615 to Littlechief Specialties from 2009 to 2010;
> $887,822 to Global Financial (GFI) form 2003 to 2007; and
> $6,114,585 to Impact Marketing Group (IMG)/EDA from 2005 to 2011.

Ex. D, pp14,16,18,20,21. Thus, the total net improper stolen by Littlechief Specialties and its RICO codefendants is $12,214,045.[4] Ex. D, pp.23-24.

21. Because Jackson is a 49% shareholder, Pakter opined that Jackson is entitled to $5,984,882. Ex. D, p.25. Relying on the legal presumptions that Jackson is entitled to treble damages and that that liability is joint and several, Pakter opined that Littlechief Specialties and its RICO codefendants, are each liable for $17,954,646.

---

[4] Mr. Pakter was unable to determine whether improper payments were made to N'Genuity-Littlechief Enterprises, Co., due to incomplete document production. See, Ex.D, p. 19.

22. In addition to filing his prove up motion, Jackson sought to freeze the assets of the Littlechief, Bowen, IMG and GFI. [416]. Judge Lefkow set an emergency hearing for February 2, 2012. On the eve of the emergency hearing, Bowen, IMG and GFI each filed for bankruptcy. Judge Lefkow declined to enter an injunction freezing Littlechief's assets under the teaching of *Grupo Mexicano*,[5] but specifically noted that "the timing of the other defendants' bankruptcy petitions gives rise to the inference that they were not filed in good faith." [422].

23. On February 8, 2012, the parties appeared before this Court. Attorney Radtke, representing Littlechief Specialties and all of the other defendants but N'Genuity, advised the Court that IMG, GFI and Dustin Bowen had filed for bankruptcy in the United States Bankruptcy Court, District of Arizona. This Court ordered Littlechief Specialties and Valerie Littlechief (the only remaining non-defaulting defendants) to respond to Jackson's Prove Up of Damages by February 22, 2012. [424]

24. Neither Littlechief nor Littlechief Specialties filed a response to Jackson's Prove Up of Damages. Rather, on February 22, 2012, Littlechief Specialties, Valerie Littlechief and Alfred Bowen filed a Suggestion of Bankruptcy. [427]

25. On March 2, 2012, in light of all of the defendants having filed for bankruptcy, this Court returned the matter to Judge Lefkow. [428]

**THE AUTOMATIC STAY TRIGGERED BY LITTLECHIEF SPECIALTIES' BANKRUPTCY PETITION HAS EXPIRED**

26. On May 31, 2012, the Chapter 7 Trustee in Littlechief Specialties' bankruptcy proceeding, *In re Littlechief Specialties Inc.*, 2:12-bk-03078, certified pursuant to Fed R. Bank. P 5009, that the matter had been fully administered. Ex. E.

---

[5] *Grupo Mexicano de Desarrollo, S.A.* v. *Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999).

27. On June 22, 2012, the Honorable Judge Sarah Sharer Curley of the U.S. Bankruptcy Court for the District of Arizona ordered *In re Littlechief Specialties Inc.* closed. Ex. E.

28. On July 12, 2012, Judge Lefkow granted Radtke's motion to withdraw as counsel to Littlechief Specialties and its codefendants. [443]. Pursuant to Local Rule 72.1, Judge Lefkow referred this matter to this Court to conduct proceedings and enter a Report and Recommendation on Jackson's prove-up of damages. [443, 445].

29. On July 18, 2012, Jackson filed a motion with this Court seeking a prove up of damages proceeding against Littlechief Specialties. [446] and [447]. The Court requested a memorandum outlining the effects of the bankruptcy proceedings which Jackson produced the following day. [450, 451] Jackson's counsel sent copies of its memorandum [451] and the Court's Order [450] to Dustin Bowen and Valerie Littlechief (the owners of Littlechief Specialties) by electronic mail. Ex. F.

30. On July 23, 2012, this Court granted Jackson's request to conduct prove up of damages proceedings against Littlechief Specialties. [452] and [453]. Jackson's counsel sent Dustin Bowen and Valerie Littlechief copies of both orders entered on July 23, 2012 by electronic mail. Ex. G.

## III. LEGAL ARGUMENT

**A. Default Judgment**

A default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *United States v. DiMucci,* 879 F.2d 1319, 1323 (7th Cir. 1983). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee*, 722 F.2d at

1323. Accordingly, the Seventh Circuit has held that when a defendant defaults, it has "thus thrown in the towel" and "there is nothing left for the district court to do except enter judgment." *Chathas v. Local 134 International Brothers of Electric Workers,* 233 F.3d 508, 512 (7th Cir. 2000). Thus, Judge Lefkow's entry of default judgment on liability establishes that Littlechief Specialties violated the Civil RICO statute (Counts XII and XIV) and committed conspiracy (Count XI).[6]

**1. Liability**

By virtue of default judgment on liability entered by Judge Lefkow, Littlechief Specialties is liable to Jackson on each cause of action pled against it in his complaint. Additionally, all allegations of the complaint relating to liability must be taken to be true. *Dundee*, 722 F.2d at 1323. Littlechief Specialties therefore admits, *inter alia*, that Jackson is a 49% shareholder. (Ex. A, ¶¶13, 52-57). Littlechief also admits that it was formed as a purported Interest Charge-Domestic International Sales Corporation ("IC-DISC") and that Jackson was neither informed of its creation at the time nor offered any ownership interest in Littlechief Specialties. (Ex. A, ¶12). Littlechief Specialties also admits that it is liable to Jackson for Civil RICO.

    **a. Summary of Admitted RICO Allegations and Claims (Counts XIII and XIV against Littlechief Specialties)**

The Seventh Circuit has held that upon default, "there is nothing left for the district court to do except enter judgment." Chathas, 233 F.3d at 512. The Seventh Circuit has also held that a default constitutes an admission to all well pled facts. Here, there is no question that Jackson's complaint is well pled. To establish a RICO claim

---

[6] The default judgment also constitutes an admission by Littlechief Specialties to the facts that support Jackson's Demand for an Accounting and request for Injunctive Relief. Jackson does not seek equitable relief at this time.

under section 1962(c), a plaintiff must establish: (1) defendants were persons employed by or associated with an enterprise that was engaged in or affected interstate commerce; (2) who conducted or participated in the conduct of the enterprises' affairs; (3) through a pattern of racketeering activity; and (4) plaintiff suffered a loss as a result of the racketeering activity. 18 USCS §1962 (c) and 1964 (c); *Haroco, Inc. v. American National Bank & Trust*, 747 F.2d 384, 386-87 (7th Cir. 1984).

Littlechief Specialties has admitted, by virtue of the default order, to committing racketeering offenses and conspiring to do so in violation of 18 USCS §1962 (c) and (d). Ex. A, ¶58-65, 148-164. The admitted allegations support a finding of a RICO violation. Littlechief Specialties is a person as defined by the statute. ("Person" includes any individual or entity capable of holding a legal or beneficial interest in property.) 18 U.S.C. §1961(3). Ex. A, ¶150. Its association with its codefendants constitutes an enterprise. 18 U.S.C. §1961(4). Ex. A, ¶151. An enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States,* 129 S.Ct. 2237, 2241 (2009). Here, Littlechief Specialties and its codefendants joined together for the purpose of defrauding Jackson of compensation and his ownership interest in N'Genuity; to operate N'Genuity for its own purposes; to conceal their unlawful activities from Jackson and others and to misappropriate N'Genuity funds belonging to Jackson. Ex. A, ¶¶58-62, 150-152. Littlechief Specialties participated in the conduct of the Enterprise for at least 8 years. Ex. A, ¶¶60-62, 153.

Littlechief Specialties and its codefendants have engaged in a pattern of racketeering. Ex. A, ¶¶153-156. A pattern of racketeering activity requires at least two

acts of racketeering activity. 18 USCS 1961(5); *Trak Micropcomputer Corp v. Wearne Brothers,* 628 F.Supp. 1089, (N.D ILL 1985). Racketeering activity includes a number of illegal acts included mail fraud. 18 USCS 1961(1). Mail fraud exists where the defendants participate in a scheme to defraud and use the U.S. mail or knowingly caused another to use the U.S. mail for the purpose of executing the scheme. *U.S. v. Joshua,* 648 F.3d 547, 550 (7th Cir. 2010).

Littlechief Specialties admits by virtue of the default order to not only engaging in a scheme to defraud Jackson and plunder his assets in N'Genuity by engaging mail fraud, but bank fraud and the interstate transportation of stolen property as well. Ex. A, ¶62-64, 153-56. Littlechief Specialties also admits that, working in concert with its RICO codefendants it: (i) created and transmitted through the US Mail and/or by wire, false, misleading and fraudulent statements regarding the status of N'Genuity and the use of the Defendants' purported entitlement to N'Genuity's funds and other assets; (ii) made false, misleading and fraudulent statements to banks and other financial institutions to cause such institutions to release funds to Defendants to which they are not entitled; and (iii) effectuated the interstate transportation of funds stolen by certain Defendants from N'Genuity and Jackson, and conspiring to do so in violation of RICO. Ex. A, ¶¶1, 62-65, 153-56. Thru this scheme Littlechief Specialties systematically looted millions of dollars from N'Genuity that belonged to Jackson and thereby injured Jackson. Ex. A, ¶¶36, 65, 157.

    **b. Summary of Civil Conspiracy Allegations and Claims (Count XI against Littlechief Specialties)**

Illinois and Arizona similarly define civil conspiracy: Conspiracy involves two or more persons combining to accomplish either a lawful purpose by unlawful means or an

unlawful purpose by lawful means. *Smith v. Eli Lilly & Co.* 137 Ill. 2d 222, 235, 560 (1990); *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 498 (Ariz. 2002).[7] The necessary elements of civil conspiracy include: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties; and (4) the overt act was done pursuant to and in furtherance of the common scheme. *Wolf v. Liberis*, 153 Ill. App. 3d 488, 496 (1987). Liability is joint and several meaning each member of the conspiracy is liable for all damages caused by the conspiracy's entire output. *Paper Systems v. Nippon Paper Industry,* 281 F.3d 629, 632 (7th Cir. 2002).

There is no question that the facts alleged in Jackson's Complaint, deemed admitted by Littlechief Specialties, shows that it agreed to defraud Jackson of millions by misappropriating as its own, funds belonging to Jackson as an owner of N'Genuity. Ex. A, ¶¶139-143.

**2. Damages**

While the allegations of the complaint relating to liability must be taken to be true upon default, ordinarily allegations regarding damages are not. *Dundee*, 722 F.2d at 1323. The district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *Scott v. Peterson,* 2010 U.S. Dist. Lexis 81387, p. 3-4 (N.D.Ill Aug 11, 2010) attached as Ex.H. Ordinarily, when the true facts relating to a disputed issue lie peculiarly within the

---

[7] Where, as here, the laws of the two states are essentially the same, there is no need to engage in a choice of law analysis and Illinois law applies as the law of the forum. *Sterling Finance Management, LP v. UBS Paine Webber, Inc.,* 336 Ill.App.3d 442, 447 (1st Dist. 2002).

knowledge of one party, the burden of proof may properly be assigned to that party in the interest of fairness. *Blizzard Entertainment Inc., v. Alyson Reeves,* 2010 U.S. Dist. LEXIS 85560, 6-7 (C.D. Cal. Aug. 10, 2010) attached as Ex.I. "This rule applies equally, if not more so, in the context of default judgment." *Id.*, see also *Henry v. Sneiders*, 490 F.2d 315, 317 (9th Cir. 1974) (noting that in default judgment action, "[a]ny insufficiency of the plaintiff's evidence was a direct result of appellant's refusal to comply with a legitimate request for discovery.") A judgment may be entered without a hearing on damages where, as here, "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee*, 722 F.2d at 1323.

Here, the damages to which Jackson is entitled are in fact capable of ascertainment by documentary evidence, which includes QuickBooks data, tax returns, bank statements and cancelled checks, and the affidavit of Michael Pakter, an expert in the field of forensic accounting. Mr. Pakter has conducted a damages analysis which attached as Exhibit D.[8] Pakter's detailed report establishes that Littlechief Specialties and its RICO codefendants stole at least $12,214,045 from N'Genuity, of which, Jackson is entitled to 49% ($5,984,882). Jackson seeks to have these damages trebled plus attorney's fees and costs pursuant to 18 USCS §1964(c).

### a. Summary of Federal Law on Damages for Racketeering Violations

The federal racketeering statute provides a civil remedy for those injured by a RICO violation:

---

[8] As Mr. Pakter's report explains, he reviewed thousands of pages of bank statements and checks. These documents have been scanned to a disc that has been filed with the Clerk [425] and will be provided to the Court.

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and *shall recover* threefold the damages he sustains and the cost of the suit including a reasonable attorney's fee.

(18 USCS §1964(c)) (emphasis added). See also, *Jones v. Phipps,* 39 F.3d 158, 160-61, 166 (7th Cir. 1994) (upholding a default judgment in which damages had been trebled under RICO). The RICO statute is to "be liberally construed to effectuate its remedial purposes." *Sedima v. Imrex Company, Inc.* 473 U.S. 479, 497-98 (1985). Liability under RICO is joint and several. *United States v. Masters,* 924 F.2d 1362, 1369-70 (7th Cir.), *cert. denied,* 500 U.S. 919, 114 L. Ed. 2d 105, 111 S. Ct. 2019 (1991); *City of Chicago Heights v. Lobue,* 914 F.Supp. 279, 284 (N.D. Ill 1996) (defendants jointly and severally liable for all the damage the city sustained from overbilling); *Fleischhauer v. Feltner,* 879 F.2d 1290, 1301 (6th Cir. 1989) (joint and several liability appropriate for civil RICO violation); *United States v. Philip Morris USA,* 316 F.Supp. 2d 19, 27 (D.D.C 2004) (stating that "[e]very circuit in the country that has addressed the issue has concluded that the nature of both civil and criminal RICO offenses requires imposition of joint and several liability because all defendants participate in the enterprise responsible for RICO violations") and *US v. Simmons,* 154 F.3d 765, 769-70 (8th Cir., 1988) (finding joint and several liability in RICO conspiracy case).

Littlechief Specialties and its codefendants as joint tortfeasors misappropriated $12,214,045 from N'Genuity of which Mr. Jackson is entitled to 49% or $5,984,882. Under the statute, Jackson is entitled to treble damages of $17,954,646. While Littlechief Specialties admits to liability on Count XI, Civil Conspiracy, Jackson concedes that this Court should not award any damages that would be duplicative of other relief granted. Where a party prevails on several claims, the court awards the greatest amount of

damages so that in fairness no double recovery is had. Jackson therefore, seeks the entry of final judgment in favor of Jackson and against Littlechief Specialties on in the amount of $17,954,646 plus attorney's fees, costs, pre-judgment and post-judgment interest.

### b. Post judgment and pre judgment interest

Pursuant to 28 USC 1961(a), Jackson is entitled to post judgment interest. Interest shall be allowed on any money judgment in a civil case recovered in a district court. Jackson is therefore entitled to post judgment interest. *Id.*

Jackson is also entitled to prejudgment interest. The award of prejudgment interest depends on the law that supplies the substantive rule of decision – in this case, Arizona. See, *Perlman v. Zell*, 185 F.3d 850, 857 (7th Cir. Ill. 1999). Under Arizona law, prejudgment interest is a part of the damages for a RICO injury, and it is also to be trebled. *Vairo v. Clayden*, 153 Ariz. 13, 734 P.2d 110 (App.1987); *Aetna Casualty & Sur.Co. v. Dini,* 169 Ariz. 555, 558-59 (Ariz. Ct. App. 1991).

WHEREFORE, Jackson respectfully requests that this Court enter default judgment against LITTLECHIEF SPECIALTIES and award damages in favor of Jackson and for $17,954,646 plus attorney's fees, costs, pre-judgment and post-judgment interest.

Respectfully Submitted,
VINCENT E. JACKSON

By: */s/ Kim Novi*
One of Plaintiff's Attorneys

Kim A. Novi (#6194228)
Biederman & Novi, LLC
19 South LaSalle, Suite 902
Chicago, IL 60603
T 312.750.9083